(31 Misc. Rep. 498.)

### KETCHUM v. BELDING.

(City Court of New York, General Term. May 1, 1900.)

INSURANCE—ACTION ON LLOYD'S POLICY—DEFENSE NOT MADE BY ANSWER—MOTION TO DISMISS COMPLAINT.

Where, in an action on a Lloyd's fire insurance policy, the defendant at the close of plaintiff's testimony moved to dismiss the complaint on the ground that the action was not brought against the attorneys for the underwriters, as trustees, as provided for in the policy, and that until judgment was recovered in such an action, and execution thereon returned unsatisfied, no cause of action accrued against defendant, which defense was not pleaded, and the motion was denied, and again denied when made at the end of defendant's testimony, the denial was proper, since such a defense is in the nature of a plea in abatement.

Appeal from trial term.

Action by Leonard C. Ketchum against Milo M. Belding. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Lexon, McKellar & Wells, for appellant.

Donald McLean, for respondent.

FITZSIMONS, C. J. This action is on a Lloyd's fire insurance policy, the defendant and about 14 other persons being underwriters. The policy provided that no action should be begun under it against the individual underwriters, or any of them, "until after suit shall have been brought against the attorneys for the underwriters, and for the full amount of the loss or claim, and each of the underwriters agrees to abide the final determination of any such action, so fixing his individual responsibility under this policy." It is admitted that no such action was brought against said attorneys, who are named in the policy, and who are also underwriters. The defendant at the close of plaintiff's testimony moved to dismiss the complaint upon the ground "that the action was not brought against the attorneys for the underwriters, as trustees, as provided for in the policy, and that until such action was brought, and judgment recovered thereon, and execution returned unsatisfied, no cause of action accrued against defendant as an underwriter under the policy." This motion was denied, and was renewed at the close of defendant's testimony, and again denied. Judgment was directed in plaintiff's favor by the court for $395.99, and due exception was taken by defendant.

The answer does not set up as a defense the question just mentioned, and therefore the motion for a dismissal of the complaint was properly denied. Such a defense is in the nature of a plea in abatement, which should give the names of the parties omitted, and show that they are alive, and within the jurisdiction of the court and within reach of its process, and should be full, clear, and specific. Ralli v. White, 21 Misc. Rep. 291, 47 N. Y. Supp. 197.

The judgment was a just and fair one, and must be affirmed, with costs. All concur.